United States District Court
Southern District of Texas
**ENTERED**
February 12, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ALFONSO ATKINSON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:17-CV-216 |
| | § | |
| EPIMENIO YSASSI, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

Plaintiff filed this § 1983 lawsuit against the defense lawyer, Epimenio Ysassi, who represented Plaintiff in the criminal action that resulted in his present incarceration at the Texas Department of Criminal Justice. (D.E. 1). On August 3, 2017, a Memorandum and Recommendation (M&R) was entered, recommending that the District Court dismiss the lawsuit pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), and furthermore, because his lawyer was not a state actor for purposes for a § 1983 lawsuit. (D.E. 10).

On October 25, 2017, Plaintiff moved to amend his complaint by adding the law firm Ysassi & Ysassi, P.C. as a party defendant. (D.E. 13). The undersigned subsequently denied Plaintiff's motion to amend. (D.E. 14). Before the Court is Plaintiff's Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55. (D.E. 18). Plaintiff seeks a default judgment against Defendant Ysassi as well as Ysassi & Ysassi, P.C. for failure to plead or otherwise defend against Plaintiff's complaint.

Rule 55 provides that:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Fed. R. Civ. P. 55(a). A three-step process exists for securing a default judgment. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a party "has failed to plead or otherwise defend against an action." Fed. R. Civ. P. 55(a). Second, the clerk must then enter an entry of default when the default is "shown by affidavit or otherwise." *Id.* Third, a party must apply either to the clerk or the court for a default judgment after an entry of default. *Id.*; *Brown*, 84 F.3d at 141. "Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989).

In this case, the undersigned has recommended this case be dismissed prior to requiring service of Plaintiff's complaint on Defendant Ysassi. Because Defendant Ysassi has not been served with the complaint, he has not been required to file a responsive pleading in this case. Defendant Ysassi, therefore, cannot be subject to a default judgment for failure to plead or otherwise defend this action. Plaintiff also cannot secure a default judgment against Ysassi and Ysassi, P.C., as this law firm is not a party defendant in this case.

Accordingly, because Plaintiff is not entitled to default judgment in this case, it is respectfully recommended that his Rule 55 motion (D.E. 18) be DENIED.

Respectfully submitted this 12th day of February, 2018.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).